
FILED
SEP 2 5 2013
Clerk, U.S District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-69-GF-DLC |
| Plaintiff, | |
| vs. | ORDER |
| JEROME BRUCE SEAMAN, | |
| Defendant. | |

On March 29, 2013, Defendant, Jerome Seaman, pled guilty to three offenses: theft from an Indian tribal organization receiving federal grants in violation of 18 U.S.C. § 666(a)(1)(A), making false claims in violation of 18 U.S.C. § 287, and making false writings affecting federal monies in violation of 18 U.S.C. § 1001(a)(3). He was sentenced on July 1, 2013, to 6 months in prison and one year of supervised release. (Doc. 52). The issue of restitution was referred to United States Magistrate Judge Keith Strong. Judge Strong conducted a restitution hearing on August 6, 2013. Testimony was presented by the Defendant and the government's case agent, Tony Hoben. Judge Strong issued his Findings and Recommendations on August 14, 2013, recommending that Defendant be required to pay restitution to the Fort Peck Community College

(FPCC) in the amount of $24,270.99. (Doc. 69). Both parties object to the restitution amount. (Docs. 70, 76). The United States claims the proper restitution amount is $26,649.88. Defendant claims restitution should be limited to $9,089.00.

The Court reviews *de novo* findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1). Findings and recommendations to which no objection is made are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, the Court adopts Judge Strong's Findings and Recommendations in substantial part. Because the parties are familiar with the factual background of this case, it will only be restated as necessary to explain this Court's reasoning.

## Background

Defendant was a mathematics instructor and a grant administrator employed by FPCC, a tribally chartered college controlled by the Fort Peck Assiniboine and Sioux Tribes. His position at FPCC required some travel for work related meetings and training. Expenses for work related travel were reimbursable from federal grants.

Between December 2009 and March 2011, Defendant took 12 trips that

were represented to be work related trips on behalf of FPCC. They were not. Defendant routinely failed to attend work related conferences and training, and engaged in activities that were for his own personal benefit.

Defendant requested reimbursement for his travel expenses incurred on these trips. He fabricated and falsified hotel receipts to support his claims for reimbursement. FPCC paid Defendant $19,359.00 for his travel expenses. A chart summarizing these reimbursements is found in the government's Memorandum on Restitution (doc. 63 at 3-4), and in the Presentence Report. (Doc. 55 at 5-6).

FPCC also paid Defendant $9,668.88 in wages for the time periods covered by the trips. Once the fraud was discovered, Defendant repaid FPCC $2,378.99 through a payroll deduction from his salary. (Doc. 68 at 2).

### Discussion

Restitution is mandatory for crimes involving fraud or deceit. *See* 18 U.S.C. § 3663A(c)(1)(A)(ii). Restitution is proper for losses directly flowing from the defendant's criminal conduct. *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 926 (9th Cir. 2001). The purpose of restitution is to restore the defrauded party to the position it would have been in had the fraud not occurred. *Id.* at 927. The government has the burden to prove, by a preponderance of the evidence, the

3

amount of loss sustained by the victim as a result of the Defendant's conduct. *See* 18 U.S.C. § 3664(e); *Gamma Tech Indus.*, 265 F.3d at 927.

### a. Wages

As discussed above, Defendant received $9,668.88 in wages from FPCC for the time periods covered by the 12 trips. He engaged in personal business on these trips and any benefit to the college was minimal and purely incidental. He was not entitled to these wages. The United States has met its burden to prove by a preponderance of the evidence that the $9,688.88 paid in wages to Defendant was a loss to FPCC caused by Defendant's fraudulent conduct.

### b. Travel Expenses

Defendant concedes that he falsified documents and owes restitution for reimbursed travel expenses, however he claims the restitution amount should be limited to $9,089.08 because he attended some "meetings on these trips and performed work of the type his employer expected." (Doc. 76 at 3). The Court agrees with Judge Strong that Defendant's testimony concerning his conduct at meetings and the work he accomplished for FPCC is not credible. The evidence established that he took the trips for personal reasons, falsified records for personal gain, and was paid by the college because he stated he was performing work related activities. The government has proved by a preponderance of the

4

evidence that $19,359.00 paid to Defendant for travel expenses was a loss to FPCC caused by Defendant's fraudulent conduct.

The total restitution owed by Defendant may be calculated as follows:

| | |
|---|---|
| Wages paid by FPCC | $9,668.88 |
| Travel expenses paid by FPCC | $19,359.00 |
| Total paid by FPCC | $29,027.88 |
| | |
| Credit for restitution previously paid to FPCC through payroll deduction | — $2,378.89 |
| Total restitution due FPCC | $26,648.99 |

IT IS ORDERED:

1. Judge Strong's Findings and Recommendations (doc. 69) are adopted in substantial part.

2. The Judgment entered in this case on July 1, 2013, shall be amended to require Defendant to pay restitution to the Fort Peck Community College in the amount of $26,648.99

Dated this 25th day of September, 2013.

Dana L. Christensen, Chief Judge
United States District Court